# IN THE COURT OF APPEALS OF IOWA

No. 22-1118
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENNIS EARL ESTABROOK, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Phillip J. Tabor, District Associate Judge.


        A defendant appeals his sentence, arguing the court relied on improper factors at sentencing.  **APPEAL DISMISSED.**


        Austin Jungblut of Parrish, Kruidenier, Dunn, Gentry, Brown, Bergmann & Messamer L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Ahlers, JJ.  Tabor, J., takes no part.

**AHLERS, Judge.**

Pursuant to a plea agreement, Dennis Estabrook pleaded guilty in writing to three counts of unauthorized use of a credit card.[1]  In his written guilty plea, Estabrook waived his rights to be present for taking his plea, be present for sentencing, speak in mitigation of punishment (allocute), file a motion in arrest of judgment, and a delay between plea and sentencing.  As part of the plea agreement, the parties agreed to jointly recommend a sentence of 240 days in jail with all but sixty days suspended on each count, with the three sentences to be served concurrently to each other.  Without hearing, the district court accepted Estabrook's guilty pleas and imposed the jointly recommended sentences for all three charges.  Estabrook appeals, arguing that the district court considered an improper factor in imposing the sentences.

The State argues that we lack jurisdiction to address the merits of Estabrook's claim because Estabrook cannot establish good cause to appeal following his guilty plea, as he received the agreed-upon sentence.  *See* Iowa Code § 814.6(1)(a)(3) (providing a defendant must establish good cause for an appeal if the conviction results from a guilty plea to a charge other than a class "A" felony).  The burden is on Estabrook to establish good cause for an appeal.  *See* *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).  Typically, a defendant is able to demonstrate good cause by appealing the sentence rather than the guilty plea. *See id.* at 105 ("[G]ood cause exists to appeal from a conviction following a guilty

---

[1] As each count involved $1500 or less of property or services sought to be secured by the credit card, each charge is an aggravated misdemeanor in violation of Iowa Code section 715A.6(1)(a) and (2)(c) (2019).

plea when the defendant challenges his or her sentence rather than the guilty plea."). However, in establishing that good cause exists to appeal the sentence rather than the guilty plea, our supreme court has recognized exceptions when the sentence was either mandatory or agreed to in the plea bargain. *State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (citing *Damme*, 944 N.W.2d at 105). Our court has enforced these exceptions, dismissing appeals due to lack of showing of good cause when the sentence imposed is mandatory or the agreed-upon sentence under the plea agreement. *See, e.g.*, *State v. Jenkins*, No. 21-1828, 2022 WL 16630805, at *2 (Iowa Ct. App. Nov. 2, 2022) (dismissing appeal challenging agreed-upon sentence as the defendant "has no remedy because she got what she bargained for and she has not established good cause to appeal"); *State v. McCarroll*, No. 20-0641, 2021 WL 4592616, at *2 (Iowa Ct. App. Oct. 6, 2021) (dismissing appeal for lack of good cause due to the sentence imposed being that agreed to by the parties); *State v. Major*, No. 19-2055, 2021 WL 3662311, at *1 (Iowa Ct. App. Aug. 18, 2021) (dismissing appeal when challenged sentence is mandatory).

As there is no question that Estabrook received the sentences to which he agreed, he has not established good cause to appeal and his appeal must be dismissed.

**APPEAL DISMISSED.**